**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 16 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-2650 |
| Plaintiff - Appellee, | D.C. No. 1:23-cr-00023-SOM-1 |
| v. | |
| FRANK GONZALES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

\*

Appeal from the United States District Court
for the District of Hawaii

Susan O. Mollway, District Judge, Presiding

Argued and Submitted June 5, 2025
Honolulu, Hawaii

Before: W. FLETCHER, CHRISTEN, and DESAI, Circuit Judges.

Defendant-Appellant Frank Gonzales was convicted by jury trial of (1) distribution of methamphetamine and fentanyl, (2) possession with intent to distribute methamphetamine, (3) possession of a firearm in furtherance of a drug trafficking crime, and (4) being a felon in possession of ammunition. He was sentenced to a below-Guideline term of 210 months in prison. Gonzales now challenges his conviction and sentence on three separate grounds. We have

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

jurisdiction under 28 U.S.C. § 1291 and affirm.[**]

1.   Gonzales first argues that the district court should have excluded the testimony of the government's Confidential Source ("CS") because the government violated its *Brady* obligations.  Three elements are required to show a *Brady* violation: "[1] The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; [2] that evidence must have been suppressed by the [government], either willfully or inadvertently; and [3] prejudice must have ensued."  *Amado v. Gonzalez*, 758 F.3d 1119, 1134 (9th Cir. 2014) (quoting *Banks v. Dretke*, 540 U.S. 668, 691 (2004)).  Here, only the latter two factors are in dispute.

"Evidence is 'suppressed' where it is known to the [government] and not disclosed to the defendant."  *Comstock v. Humphries*, 786 F.3d 701, 709 (9th Cir. 2015) (citation omitted).  Gonzales argues that the prosecution suppressed evidence surrounding the CS's identity and criminal history because that information was not disclosed until the eve of trial.  We have generally held, however, that the Government meets its *Brady* obligations where it discloses impeachment evidence pertaining to the credibility of a witness prior to that witness testifying.  *See United States v. Rinn*, 586 F.2d 113, 119 (9th Cir. 1978).  Here, the district court initially did not order disclosure prior to trial based on the

---

[**] Gonzales's pending motion to supplement the record, Dkt. 55, is denied.

government's representations that it would not call the CS as a testifying witness. Once the court warned that it would prohibit the CS from testifying absent disclosure by June 14, six days before trial, the government complied with that deadline and provided its initial disclosure to the defense.

Gonzales emphasizes the fact that after the start of trial, the district court conducted an *in camera* review of the CS's informant file and ordered additional disclosures, which the government made prior to the CS testifying. Moreover, the district court stated in its order mandating the disclosures that "[t]he additional documents to be disclosed do not introduce new subject matter," suggesting that it was cumulative evidence that did not significantly impact the defense's preparation. Our review of the record does not disturb that conclusion.

Even if the government's delay in disclosing the exculpatory evidence was unreasonable, Gonzales cannot show that the delay prejudiced his defense. The defense team was able to utilize the impeachment evidence disclosed by the government in its examination of the government's witnesses, as well as in its opening and closing statements. We have held that "[t]here can be no claim of prejudice insofar as the defendant was enabled to present to the jury favorable or impeaching evidence." *United States v. Shelton*, 588 F.2d 1242, 1247 (9th Cir. 1978); *see also United States v. Alahmedalabdaloklah*, 94 F.4th 782, 828 (9th Cir. 2024) ("If the defendant is presented with a substantial opportunity to use the

belatedly disclosed evidence, there is no prejudice.").

Particularly damaging to Gonzales's claim is the fact that he did not accept the district court's offer to recall the government's first witness so that defense counsel could cross-examine him using the evidence disclosed mid-trial. We previously found that an opportunity "to recall [witnesses] . . . for further cross-examination . . . . demonstrate[d] that defendants had substantial opportunity to use the documents and to cure any prejudice caused by [a] delayed disclosure." *United States v. Gordon*, 844 F.2d 1397, 1403 (9th Cir. 1988).

We conclude that the government's conduct does not rise to the level of a *Brady* violation.

2. Gonzales next argues that there was insufficient evidence to convict him for possession with intent to distribute methamphetamine, possession of a firearm in furtherance of a drug trafficking crime, and felon in possession of ammunition. The relevant inquiry to determine the sufficiency of evidence supporting a criminal conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). "[I]n determining the sufficiency of circumstantial evidence, the question is not whether the evidence excludes every hypothesis except that of guilt but rather whether the trier of fact could reasonably arrive at its

24-2650

conclusion." *United States v. Nevils*, 598 F.3d 1158, 1165 (9th Cir. 2010) (quoting *United States v. Eaglin*, 571 F.2d 1069, 1076 (1977)).

The government introduced overwhelming evidence supporting all three counts. Four pounds of methamphetamine were found in the trunk of the BMW parked outside of Gonzales's residence, stored in Foodsaver bags that matched bags found inside the residence. Authorities recovered a loaded firearm, a box of ammunition, and approximately $150,000 in cash from Gonzales's bedroom. The jury also observed a recording of a controlled buy between the CS and Gonzales, which shows Gonzales accepting money, then handling and packaging drugs with a firearm lying on the table in front of him.

3. Finally, Gonzales argues that the district court procedurally erred at sentencing by adhering to the Sentencing Commission's 10:1 purity ratio for methamphetamine in calculating his base offense level. His claim is primarily based on policy disagreements with the Guidelines policy. But "[a]s a general matter, courts may vary from Guidelines ranges based solely on policy considerations, including disagreements with the Guidelines." *Kimbrough v. United States*, 552 U.S. 85, 101 (2007) (cleaned up). Given that a court may deviate from the Guidelines based on policy considerations, it naturally follows that a court may decline to deviate from the Guidelines based on those same considerations. The district court's decision to defer to Guidelines policy cannot

be clear error "where there is no controlling authority on point and where the most closely analogous precedent leads to conflicting results." *United States v. Gonzalez Becerra*, 784 F.3d 514, 518 (9th Cir. 2015) (citation omitted).

    **AFFIRMED.**